#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF KENTUCKY
#### OWENSBORO DIVISION
#### CIVIL ACTION NO. 4:20-CV-00021-HBB

**TONY MORRIS**                                                                            **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

#### MEMORANDUM OPINION
#### AND ORDER

#### BACKGROUND

Before the Court is the complaint (DN 1) of Tony Morris ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 12) and Defendant (DN 17) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered May 6, 2020 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on February 7, 2017 (Tr. 16, 62, 76, 156-59). Plaintiff alleges to have become disabled on February 28, 2016, as a result of a fractured right knee and right hip, a fractured left hip, a concussion, L1 compression fracture, T6/T7 spinous process fractures, arthritis, and vertigo (Tr. 16, 62-63). These claims were initially denied on April 24, 2017, and the denial of the claims were affirmed upon reconsideration on June 9, 2017 (Tr. 16, 62-72, 75-85). Administrative Law Judge Stacey L. Foster ("ALJ") conducted a hearing[1] from Paducah, Kentucky on September 11, 2018 (Tr. 16, 33). Present at the hearing was Plaintiff and his attorney Christopher Rhoads (Id.). During the hearing, Lynn Jones testified as a vocational expert (Tr. 16, 33, 46-49).

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2016, the alleged onset date (Tr. 18). At the second step, the ALJ determined Plaintiff has the following severe impairments: osteoarthritis of the right knee and bilateral hips and status post pelvic and lower extremity fractures (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 19).

---

1  In the "Jurisdiction and Procedural History" section of the ALJ's determination, the ALJ stated, "On September 11, 2018, I held a video hearing (20 CFR 404.936(c)). The claimant appeared in Owensboro, Kentucky, and I presided over the hearing from Paducah, Kentucky. Lynn Jones, M.S., an impartial vocational expert, also appeared at the hearing. The claimant is represented by Christopher Rhoads, an attorney" (Tr. 16).

However, a review of the hearing transcript detailed, "[T]he hearing [was] held before Stacey L. Foster, Administrative Law Judge, Office of Disability Adjudication and Review, Social Security Administration, on September 11, 2018, at Paducah, Kentucky in the case of Tony Morris, Social Security number, [**REDACTED**]. The claimant appeared in person and was represented by Christopher L. Rhoads. Also present was Lynn Anne Jones, Vocational Expert, who participated by phone" (Tr. 33) (underlining omitted).

While it appears that the hearing was actually conducted in person, as opposed to virtually, this typographical error is ultimately immaterial.

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), except Plaintiff has the following limitations: never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and avoid concentrated exposure to vibration and hazards (Id.). The ALJ found Plaintiff has been unable to perform any past relevant work (Tr. 23).

After this finding, the ALJ also considered Plaintiff's RFC, age, education, and past work experience[2], as well as testimony from the vocational expert, to find that prior to March 14, 2018, Plaintiff was able to perform other jobs that exist in the national economy (Tr. 24). However, on March 14, 2018, Plaintiff's age classification changed, which resulted in a new assessment of Plaintiff's RFC, age, education, and past work experience (Tr. 25). This new review found that no jobs exist in significant numbers in the national economy that Plaintiff could perform (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, before March 14, 2018, but became disabled on March 14, 2018 and continued to be disabled through the date of the ALJ's decision (Tr. 25). Further, the ALJ noted that Plaintiff's disability is expected to last twelve months past the onset date (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 151-52). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

---

2  The ALJ noted that "[p]rior to March 14, 2018, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills. Beginning on March 14, 2018, the claimant has not been able to transfer job skills to other occupations" (Tr. 24).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ partially denied and partially granted Plaintiff's claim at the fifth step.

Clear Error Standard Used by Plaintiff

At the forefront, the Court will begin with Plaintiff's use of the "clear error" standard in his argument (*see* DN 12-1 PageID 1829, 1832-34). The "clear error" standard applies when a district judge reviews a magistrate judge's report and recommendation where no timely objection has been filed. *See* FED. R. CIV. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); Mitchum v. Saul, No. 2:19-CV-02533-JPM-dkv, 2020 WL 1493482, at *1 (W.D. Tenn. March 27, 2020); Samona v. Comm'r of Soc. Sec., No. 15-CV-11713, 2018 WL 2159893, at *1 (E.D. Mich. May 10, 2018). The "clear error" standard also applies when a party moves a district court to alter or amend its judgment under FED. R. CIV. P. 59(e). *See* Moore v Berryhill, No. 4:17-CV-00091-HBB, 2018 WL 2197974, at *1 (W.D. Ky. May 14, 2018). Neither situation exists here. Instead, Plaintiff is utilizing the "clear error" standard in his challenge of the final decision of the Commissioner (DN 1 PageID 3; DN 12-1 PageID 1829, 1832-34). But the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Thus, the Court declines Plaintiff's invitation to apply the "clear error" standard.

Challenge to ALJ's Apportionment of Medical Opinion Weight

1. Arguments of the Parties

Plaintiff argues that "[t]he ALJ erred in not giving controlling weight to the opinion of [Plaintiff's] treating provider and orthopedic surgeon, Dr. Reid Wilson, who outlined limitations

that would eliminate all but sedentary work" (DN 12-1 PageID 1826). Instead, Plaintiff asserts that "the ALJ chose to cherry-pick certain portions of Dr. Wilson's statements [by] assigning 'great weight' to some findings and just 'some weight' to other findings" (Id.). This purported error was exemplified further when "the ALJ made the determination that [Plaintiff's] impairments did not render him totally disabled as of February 28, 2016 without ever having a physical examination conducted by a Consultative Examiner. Instead, the ALJ chose to give 'great weight' to the determination of the non-examining state agency reviewing physician" (Id. at PageID 1827). Plaintiff relies upon a couple pages of medical records to highlight Plaintiff's medical conditions (Id. at PageID 1828). Plaintiff concludes by claiming that "the ALJ should have afforded great weight to the opinion of Dr. Wilson [and] … the decision should be reversed … [to] find [Plaintiff] disabled as of February 28, 2016" (Id. at PageID 1829).

In contrast, Defendant claims that "[s]ubstantial evidence supports the ALJ's evaluation of Plaintiff's treating orthopedic surgeon Dr. Wilson's opinion in determining that [Plaintiff] was not disabled prior to" Plaintiff's fifty-fifth birthday (DN 17 PageID 1849). Defendant cites to Martin v. Comm'r of Soc. Sec., when stating that "[t]he written decision need not discuss each step in the treating physician rule as long as the court can clearly understand the weight granted to a treating source's opinion and the ALJ articulated good reasons for granting that weight" (DN 17 PageID 1850) (citing Martin, 658 Fed. Appx. 255, 258 (6th Cir. 2016)). Defendant goes on to argue, "The ALJ reasonably considered that the record evidence supported that Plaintiff was limited to light-level work with additional postural and environmental limitations, but did not support Dr. Wilson's more extreme opinions for the time period at issue" (Id. at PageID 1851). This nonsupport was also due to "[t]he ALJ consider[ing] record evidence that undermined Dr. Wilson's opinion for the

7

time period at issue" (Id. at PageID 1852).  Defendant claims "[t]he ALJ did not err by relying on the opinions of state agency reviewing physicians simply because they did [not] examine Plaintiff[, and ] … Plaintiff fails to show any error under the regulations" (Id. at PageID 1855).

    2. Discussion

As Plaintiff filed his applications prior to March 27, 2017, the rules in 20 C.F.R. § 404.1527 apply to the ALJ's assignment of weight to the medical opinions in the record.  The regulations require Administrative Law Judges to evaluate every medical opinion in the record.  20 C.F.R. § 404.1527(c).  The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source.  20 C.F.R. § 404.1527(c).  If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord each of the medical opinions in the record, including the medical opinion from the treating source.  20 C.F.R. § 404.1527(c).

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), id. § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), id. § 404.1502, 404.1527(c)(2).  In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."  Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).
>
> On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

The procedural requirements to assign weight to the opinion of a treating source and provide "good reasons" for that weight serves both to ensure adequacy of review and to give the claimant a better understanding of the disposition of his case. Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011) (citing Rogers v. Comm'r, 486 F.3d 234, 242 (6th Cir. 2007)). "These procedural

requirements are 'not simply a formality' and are intended 'to safeguard the claimant's procedural rights.'" Cole, 661 F.3d at 937.

The regulations provide that Administrative Law Judges "will consider" the medical findings of State agency medical or psychological consultants because they "are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). When the opinion of a non-examining State Agency medical/psychological advisor is consistent with the record, the opinion represents substantial evidence to support the Administrative Law Judge's decision. *See* Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1082-83 (6th Cir. 1987) (per curiam).

Here, the ALJ awarded "some weight to the statement of Dr. Wilson dated July 30, 2018, as it pertains to [Plaintiff]'s current level of functioning" (Tr. 23). Plaintiff "followed [up] with Dr. Wilson routinely from the time of his accident through February 2017, and did not return until July 2018 for worsening bilateral hip pain" (Id.). The ALJ found that Plaintiff's "limitations are credible for the period since July 2018, but not prior thereto" (Id.). Hence, these credible limitations are why Plaintiff was determined to be disabled on March 14, 2018, but not back to February 28, 2016.

In the ALJ's determination, the ALJ opined that "Dr. Wilson[] noted on August 15, 2016, that the claimant may have difficulty returning to work, but he found no particular limitations other than pain tolerated" (Tr. 21). The ALJ continued by stating that "[e]vidence shows [Plaintiff]'s pain was managed effectively with medication" (Id.). Further, the ALJ noted that "Dr. Wilson stated on multiple occasions that [Plaintiff] would not be able to return to his past work as a fitter/welder, and [the ALJ] [has] made a similar finding herein" (Id.). These findings were based

on the evidence that Plaintiff "sought only sporadic medical treatment throughout 2017 and felt well enough in November to be working on a truck[;] [i]t wasn't until March 2018, at the time of his established onset date, that he was prescribed narcotics again along with a sleep aide, and he began experiencing bilateral hip pain supported by radiographs for which he returned to Dr. Wilson in July 2018" (Tr. 22).

Plaintiff proffers several complaints, such as detailing a "sharp and stabbing" pain which becomes "worse with walking", the omission of "rest" as a component to Plaintiff's recovery, and the request for more powerful painkillers, as evidence that the ALJ failed to consider this information (DN 12-1 PageID 1828); (Tr. 1334, 1599, 1605). However, the ALJ specifically cited to Exhibit 10F (Tr. 1328-51), the range of medical records cited by Plaintiff, when noting that the ALJ was "not persuaded by [Plaintiff]'s testimony that he could only stand for two hours prior to March 14, 2018" (Tr. 23). In that paragraph of the ALJ's decision, the ALJ awards some weight to an opinion of Dr. Wilson dated July 30, 2018, and great weight to an opinion dated August 15, 2016 (Id.). Unpersuaded by claims of "cherry-picking" the evidence, the undersigned views these distinctions as detailed and attentive distinctions. When allotting great weight or some weight, the ALJ explicitly noted the information in the record relevant to the pain and limitations, such as a physical therapy report in October 2016, where Plaintiff noted his "back and right knee pain were well controlled and pain no longer caused him to sit down[, and …] his pain management provider … voiced no specific pain complaints" (Id.).

Therefore, when looking at the ALJ's determination as a whole, the decision to award some weight to an opinion of Dr. Wilson dated July 30, 2018, and great weight to an opinion dated August 15, 2016, is supported by substantial evidence and comports with applicable law.

Challenge to ALJ's Determination of Testimony Credibility

1. Arguments of the Parties

Plaintiff contends that Plaintiff's "testimony regarding his physical limitations, pain, fatigue, and difficulty sleeping was completely candid and supported by medical records" (DN 12-1 PageID 1829). Further, "[t]here was no indication made by his treating providers that he was not credible. He was honest and cooperative" (Id.). But, "[t]he ALJ never provided a sufficient reason as to why [Plaintiff's] testimony was found to be less than fully credible" (Id.). By failing to provide articulable reasonable for discounting Plaintiff's testimony, Plaintiff asserts it was clear error and demands remand.

Defendant disputes Plaintiff's argument by claiming that "[s]ubstantial evidence supports the ALJ's assessment of Plaintiff's subjective symptoms" (DN 17 PageID 1863). Further, "[t]he ALJ considered several factors in discounting Plaintiff's subjective allegations for the time period at issue" (Id. at PageID 1864). Defendant also point to an example where "the ALJ noted that medical evidence failed to show that his pain was of frequency and/or severity to preclude all work given his positive response to medication and physical therapy" and where Plaintiff "declined a handicap parking permit" (Id. at PageID 1864-65). Defendant argues that "Plaintiff fails to show the ALJ reversibly erred in assessing his subjective symptoms simply because the ALJ did not articulate all of his allegations verbatim from one treatment record" (Id. at PageID 1865).

2. Discussion

In assessing a claimant's RFC, an Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. § 404.1529; Social Security Ruling 16-3p. A claimant's statement that he is experiencing pain or other symptoms will not,

taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 404.1529(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3). One factor that may be considered is whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . . ." 20 C.F.R. § 404.1529(c)(4).

Here, the ALJ found, from the medical record and Plaintiff's testimony, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments, prior to March 14, 2018, are not consistent with the record (Tr. 22-23). This is because the claims of debilitating pain that Plaintiff experiences "are greater than can be supported by objective medical evidence and clinical findings" (Tr. 22). Further, Plaintiff's "surgeon in August 2016 [made a statement] that [Plaintiff] did not have any real limitations, [that Plaintiff's] positive response to

13

minimal pain medication," and Plaintiff had the ability to ambulate effectively (Id.). In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and/or other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of an Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)).

Therefore, the undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

### Challenge to ALJ's RFC Determination

1. Arguments of the Parties

Plaintiff combats the RFC determination by claiming, "The ALJ failed to recognize the limiting effect of [Plaintiff's] severe conditions as supported by objective evidence" (DN 12-1 PageID 1833). Plaintiff goes on to argue that "[e]ven an unskilled sedentary job would have been too physically taxing for [Plaintiff][, and b]ased on the objective evidence, Dr. Wilson's statement, and the testimony presented at [Plaintiff's] hearing, [Plaintiff] should have [been] limited to less than sedentary work" (Id.) (emphasis omitted). Later, Plaintiff contends that "[n]one of the jobs cited by the [vocational expert] at the hearing allow for th[e] flexibility" to "take unscheduled and unpredictable breaks … [and be unable] to stand or walk for long periods of time" (Id.).

Defendant, in turn, asserts that "[t]he ALJ conducted a thorough analysis of the record and reasonably concluded that since February 28, 2016, Plaintiff had the RFC to perform a range of

light work with … limitations" (DN 17 PageID 1857). Defendant goes on to claim that the ALJ "considered the objective medical evidence in determining that additional physical limitations were not supported[; …] reasonably considered the opinion evidence in developing the RFC finding and gave great weight to the opinions of the state agency reviewing physicians who concluded that Plaintiff was capable of light-level work[; …] appropriately assessed Plaintiff's level of treatment in assessing the RFC finding[; …] expressly acknowledged objective evidence related to Plaintiff's treatment for his severe conditions[; …] explained that there was no objective medical basis for finding Plaintiff had a debilitating musculoskeletal impairment[; …] acknowledged that Plaintiff was involved in a roll-over motor vehicle accident[; …] noted that medical evidence showed Plaintiff's pain responded to medication and did not persist at a level to preclude all work activity for twelve continuous months[; …] considered Plaintiff's medical treatment level and history in concluding that a light-level RFC finding accommodated his physical condition[; … and] noted that Plaintiff sought only sporadic medical treatment throughout 2017 and felt well enough in November to be working on a truck" (Id. at PageID 1857-61). Defendant concludes by resting upon the regulations requiring that Plaintiff, not the ALJ, bares "the ultimate burden of proof on the issue of disability" (Id. at PageID 1863) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(iv).

    2. Discussion

The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529,

404.1545(a)(3), 404.1546(c). Thus, in making the RFC finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a).

While opinions from treating and examining sources are considered on the issue of RFC, the Administrative Law Judge is responsible for making that determination. 20 C.F.R. § 404.1527(d). There is also a difference between a medical opinion and an RFC Assessment prepared by the Administrative Law Judge. The medical opinion is submitted by a medical source and expresses impairment-related functional limitations. 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(1). By contrast, the RFC Assessment is the Administrative Law Judge's ultimate finding of what the claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546.

In the present case, Plaintiff's objections to the ALJ's RFC determination appear to be broad disagreements with the RFC finding, rather than claims of error warranting remand. The ALJ found that Plaintiff could perform light work with some limitations, while Plaintiff argues he "should have [been] limited to less than sedentary work" (Tr. 19); (DN 12-1 PageID 1833) (underlining omitted). Plaintiff relies upon Dr. Wilson's July 30, 2018, opinion that Plaintiff should be limited to a maximum of four hours of standing, in thirty-minute increments, which would have precluded light work and up to six hours of standing in an eight-hour workday (DN 12-1 PageID 1833) (citing Tr. 1761). However, the ALJ awarded some weight to Dr. Wilson's opinion from that date and found that the limitations were credible since July 2018 (Tr. 23). This shows that the ALJ incorporated some of Dr. Wilson's opinion into crafting the RFC. Further, the ALJ had previously noted from the medical records where Plaintiff's "pain was [not] of the

frequency and/or severity to preclude all work given his positive response to medication and physical therapy. He generally rated his pain a two or three on a scale of one to ten, which is not consistent with severe and disabling levels of pain. … [H]e had weaned himself off narcotics and was walking with a cane. His orthopaedic [*sic*] surgeon, Dr. Wilson, noted on August 15, 2016, that [Plaintiff] may have difficulty returning to work, but he found no particular limitations other than pain tolerated. … [Plaintiff] only saw his pain management provider, Ms. Martin, on two occasions and voiced minimal pain complaints at his second visit in February 2017. Despite his lower extremity complaints, he declined a handicap sticker in February 2017" (Tr. 21).

The ALJ concluded that "the evidence contained in the record does not support [Plaintiff]'s allegations of incapacitating symptoms. [Plaintiff] had some limitations, but he was not so limited as to elimination him from all forms of employment prior to March 14, 2018," so Plaintiff still had an RFC to complete light work with limitations (Tr. 23). After review of the evidence in the record and the ALJ's opinion, the ALJ's RFC determination comports with applicable law and is supported by substantial evidence. Therefore, Plaintiff's argument fails.

Challenge that ALJ Should Have Issued a GRID Ruling

1. Arguments of the Parties

Plaintiff's final argument relied upon the GRID rulings and alluded that "it is highly suspect that the ALJ intentionally avoided a GRID ruling by finding [Plaintiff] able to perform light work without any objective medical evidence indicating such" (DN 12-1 PageID 1834). Further, "[h]ad the ALJ properly held that [Plaintiff] is capable of sedentary or less RFC, a GRID ruling would have resulted with an onset date of [February 28, 2016,] and [Plaintiff] would have been issued a fully favorable decision" (Id.). Plaintiff also argues that Plaintiff was "within less

than [ten] months of a higher age category at the time the adjudicator made his decision, [and] the next higher age category would have resulted in a disabled determination," which should have qualified Plaintiff for the borderline age criteria (Id.).

Defendant chastises Plaintiff's "unfair attack" on the ALJ's determination not to use a GRID ruling, and Defendant doubles-down by asserting that "the ALJ reasonably considered the medical evidence, medical opinion evidence, Plaintiff's subjective symptoms, and other evidence in concluding that Plaintiff had the RFC to perform light-level work" prior to Plaintiff's birthday (DN 17 PageID 1867). "Simply put, Plaintiff failed to show any evidence requiring the ALJ to limit him to sedentary work, or otherwise undermining the ALJ's decision" (Id.). Later, Defendant states, "[t]he ALJ appropriately applied the age categories in considering Plaintiff's age in determining his ability to work" (Id. at PageID 1868). Defendant argues that "Plaintiff simply fails to show that the ALJ committed reversible error in applying the age categories and determining he was not disabled" (Id.).

2. Discussion

When the ALJ's findings concerning a claimant's age, education, previous work experience and RFC coincide with all the criteria of a particular GRID Rule within the medical-vocational guidelines, the ALJ may rely on that GRID Rule to satisfy his burden. 20 C.F.R. § 404.1569; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). However, if the ALJ's findings do not coincide with all the criteria then the ALJ is limited to using the GRID Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. § 404.1566(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health

& Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).   For example, if the claimant suffers from an exertional and a non-exertional impairment then the GRIDs may be used only as a framework to provide guidance for decision making.   20 C.F.R. § 404.1569a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Sec'y of Health & Human Servs., 820 F.2d 768, 771 (6th Cir. 1987).

The entire premise of Plaintiff argument rests upon the ALJ's RFC determination not being supported by substantial evidence: "*Had the ALJ properly held* that [Plaintiff] is capable of sedentary or less RFC, a GRID ruling would have resulted [in …] a fully favorable decision" (DN 12-1 PageID 1834) (emphasis added).   As discussed in more depth above, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence and comports with applicable law (*supra* pp. 17).   Therefore, Plaintiff's argument regarding a GRID ruling fails.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."   Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).   Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   (Id.).   After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to his challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

H. Brent Brennenstuhl
United States Magistrate Judge

January 13, 2021

Copies:       Counsel of Record